## MONEY *v.* STATE OF INDIANA.

[No. 14,019.   Filed February 21, 1930.]

*William D. Hardy,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Harry L. Gause,* Deputy Attorney-General, for the State.

NICHOLS, J.—This was a prosecution by affidavit in which appellant was charged with the unlawful possession of intoxicating liquor. The affidavit was in one count and charged unlawful possession of intoxicating liquor on September 18, 1926. The affidavit was originally filed in the city court where appellant was found guilty, on which finding there was judgment of $100 fine and imprisonment of 60 days in jail, from which judgment appeal was taken to the circuit court. There was a trial before the court without a jury and appellant was found guilty and judgment rendered, fixing a fine of $300 and committing her to the Indiana Woman's Prison for 90 days.

Appellant's motion for a new trial was overruled and this appeal followed. Appellant assigns as error the overruling of her motion for a new trial. Appellant's motion for a new trial specifies that the finding of the court is not sustained by sufficient evidence, that it is contrary to law, and error in the admission of certain evidence hereinafter considered.

A police officer of the city of Evansville testified that, on September 18, 1926, he procured a search warrant for the residence occupied by appellant, and served it with the assistance of two other officers on appellant and her husband. When they arrived at the house, they found Mary Money at home, and served the search warrant on her. A man named Charles Boyer was also there, and, after serving the warrant, they searched the premises. At the time the officers entered

the house, one of them struck Boyer and knocked him down. When they first went there appellant, seeing them coming, ran and slammed the door and locked it. The doors were all locked. The officers tried to get in through the back doors and side doors and finally they practically had to break in, after announcing that they were officers. Appellant hollowed to Boyer to dump a bucket, and he ran over and dumped it. This was when the officer hit him and knocked him down. The officers then tore up the drain and recovered some of the liquor that was dumped out of the bucket; they sopped up most of it off the floor and out of the drain; they collected what they could. The witness did not know whether they got any out of the drain pipe or not. They used a towel and an old rag and got what they could. There was other evidence corroborative of the above, but this suffices to show that there was evidence to sustain the court's finding.

Appellant testified that she had been making jelly and had this bucket with fruit juice in it, and they knocked it over on the floor; that it was just fruit juice, but the officer, who had theretofore testified, further testified that they had the liquor tested and that it showed 100 proof or 50 per cent alcohol by volume.

Appellant contends that it was reversible error to admit in evidence, over the objection and exception of appellant, the testimony of the officers as to what was seized by them and what was disclosed to them while searching appellant's premises, for the reason that the search was unlawful, in that the warrant of search was issued upon an affidavit which did not contain statement of facts showing probable cause, and the magistrate heard no evidence under oath or affirmation that would constitute probable cause. Therefore, the search warrant was invalid because it was not issued on probable cause. But there was no

motion before the trial to suppress the evidence of what occurred, or what was seized, under the alleged invalid search warrant. In the absence of such a motion, the objection was too late. *Hantz* v. *State* (1929), 166 N. E. (Ind. App.) 439.

Appellant next contends that the search was illegal because an officer used undue force and violence in the execution of the warrant of search, thereby be-  coming a trespasser *ab initio*. But, on the other hand, if we concede that the officer did use more force than was necessary in the execution of the warrant, after he was lawfully inside, it cannot be said that such actions would cause the evidence obtained by the search to be inadmissible against appellant. We do not condone the use of unnecessary force, if such was the fact, but the officer was not being tried, and for this reason, we may add, the court did not err in excluding evidence of improper language which it was claimed such officer used.

Affirmed.